IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                  Case No. 4:17-cr-00094-KGB-1

BRUCE J. BAKER                                                                          DEFENDANT

ORDER

Before the Court is *pro se* defendant Bruce J. Baker's motion for early termination of supervised release (Dkt. No. 26).[1] The government has filed a response objecting to Mr. Baker's motion (Dkt. No. 29). For the following reasons, the Court grants Mr. Baker's motion (Dkt. No. 26).

Following a jury trial, Mr. Baker was sentenced in the Eastern District of Louisiana on May 21, 2003, by the Honorable Helen G. Berrigan on the following four counts: (1) Armed Career Criminal pursuant to 18 U.S.C. §§ 922(a)(1) and 924(e); (2) possession with intent to distribute cocaine hydrochloride pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); (3) possession with intent to distribute heroin pursuant to 21 U.S.C. §§ 841(a) and 841(b)(1)(c); and (4) possession of a firearm in connection with drug trafficking pursuant to 18 U.S.C. § 924(c)(1)(A)(i) (Dkt. No. 1, at 3-4). As to counts one, two, and three, Mr. Baker was sentenced to serve 144 months in the Federal Bureau of Prisons, and as to count four, Mr. Baker was sentenced to serve 60 months consecutively to his sentence on counts one, two, and three (*Id*., at 6). Mr. Baker was also sentenced to serve six years on supervised release with special conditions of substance abuse testing, substance abuse treatment, orientation and life skills programming, and a

---

[1] Jurisdiction over this matter was transferred to this Court on May 2, 2017 (Dkt. No. 1).

$400.00 special penalty assessment (*Id.*, at 6-7).  Mr. Baker was released from the Bureau of Prisons on June 24, 2016, at which point he commenced his supervised release (*Id.*, at 1).

In support of his motion, Mr. Baker represents that, while on supervised release, he has passed every drug test and has not had a negative encounter with law enforcement (Dkt. No. 26, at 1).  He also represents that he is gainfully employed, has been promoted to a supervisory position, and is supporting himself through his employment (*Id.*).  Mr. Baker also points out that he has been ordained as a minister for a small church, where he worships, teaches, and preaches (*Id.*).  Mr. Baker further represents that he is a volunteer and participates in a community mentoring program (*Id.*).  Mr. Baker participates in a program focused on personal development, in which he represents that a group of men meet in the morning to exercise and discuss all aspects of their lives aimed at personal growth and development (*Id.*).

Mr. Baker has attached 19 letters of recommendation to his motion, and nine of the letters were clearly dated from the summer of 2019 (*Id.*, at 4-25).  These letters are from individuals who have interacted with Mr. Baker in a variety of settings since he was released from prison.  Several members of the personal development program have written in support of Mr. Baker's request for early termination (*Id.*, at 8-11, 13-18, 22).  Sergeant Willie Davis, the founder of the community mentoring program, has also written a letter in support of Mr. Baker (*Id.*, at 7).  In this letter, Sergeant Davis represents that Mr. Baker sought him out to speak to the community about his past and that Mr. Baker's testimony to audiences has been emotional and inspiring (*Id.*).  As a result, Mr. Baker now accompanies and assists Sergeant Davis during Sergeant Davis' speaking engagements (*Id.*).  Sergeant Davis relates that he and Mr. Baker have spoken to children at a local middle school about decision making and critical thinking skills (*Id.*).  Kent Laster, Head Football Coach at Little Rock Central High School, has also written a letter in support of Mr. Baker (*Id.* at

12).  Coach Laster represents that, in the fall and spring of 2019, Mr. Baker served as a guest speaker, guest reader, and mentor to his team.  Coach Laster writes that Mr. Baker has been a "tremendous asset to our young men." (*Id*. at 25).  Mr. Baker has also presented a letter of recommendation from a member of his congregation, and she represents that Mr. Baker teaches Sunday school and preaches two sermons on most Sundays (*Id*., at 23).  Mr. Baker also presents a June 20, 2019, letter of recommendation from someone with whom he interacts professionally who represents that Mr. Baker conducts himself with "professionalism, knowledge and skill" (*Id*., at 4-5).

Counsel for the government has filed a response in opposition to Mr. Baker's motion (Dkt. No. 29).  The government points out that Mr. Baker was charged and sentenced as an Armed Career Criminal for possessing a firearm while distributing heroin and cocaine (*Id*., at 2).  The government also notes that Mr. Baker committed a violation in the course of his supervised release when he obtained a passport and traveled to Cancun, Mexico in April 2019 (*Id*.).  Finally, the government argues that Mr. Baker has not explained why the early termination of supervised release would serve the interests of justice, has not demonstrated that there has been a change in circumstance that justifies an alteration of his sentence, or how the requirements of supervision are an undue hardship (*Id*., at 3).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of the Federal Rules of Criminal Procedure and certain enumerated factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  The Court finds that, with the exception of the travel violation, Mr. Baker has complied with his conditions of supervised release over the past four years.  Of course, this Court expects compliance with the conditions of supervised release from every defendant who

appears before the Court. Based on the information before the Court, the Court finds that Mr. Baker has made substantial progress in regard to the goals of supervision and concludes that Mr. Baker's behavior since he began his term of supervised release goes beyond mere compliance with the conditions of supervised release. The Court has also considered the nature of the crimes for which Mr. Baker is currently on supervised release and his past criminal history. In this case, Mr. Baker was sentenced for possessing a firearm while distributing heroin and cocaine. Mr. Baker has an extensive criminal history, including a conviction for aggravated assault in 1989 and two convictions for conspiracy to distribute prohibited drugs. The Court also weighs the fact that, at the time of sentencing, the Court concluded that a term of supervised release of six years was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Mr. Baker has completed four of the six years imposed largely without incident.

After careful consideration of the parties' filings, taking all of the facts into account and considering the appropriate factors set forth in § 3553(a), the Court finds that early termination of Mr. Baker's supervised release is warranted by Mr. Baker's conduct and in the interest of justice. 18 U.S.C. § 3583(e)(1). Accordingly, the Court grants Mr. Baker's motion for early termination of supervised release (Dkt. No. 26).

It is so ordered, this the 18th day of November, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge